**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No. 1:11-cr-0025-TWP-TAB-9 |
| | ) | |
| JOSE MANUEL CANO, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Directing Treatment of Document and Further Proceedings**

**I.**

"A post-judgment motion [in a criminal action in federal court] needs a source of authority for the judge to act . . . ." *United States v. Scott,* 414 F.3d 815, 816 (7th Cir. 2005). This is because "[a] district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Gould,* 672 F.3d 930, 935 n. 2 (10th Cir. 2012) (internal quotation omitted).

A motion pursuant to 28 U.S.C. ' 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). This statute allows a court to grant relief from a federal conviction or sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

## II.

The defendant's filing of September 26, 2014, asserts two distinct claims for relief. The first part, page 1 and the top of page 2, seeks a two level reduction. The bottom half of page 2 and page 3 allege a violation of the Speedy Trial Act. As explained in this Entry, both claims are denied insofar as they are filed in this action.

## A.

Page 1 and the top half of page 2 of the September 26, 2014, filing is the defendant's request for a two level sentence reduction pursuant to 18 U.S.C. § 3582, which the Court presumes is based on Amendment 782. This portion of the filing [dkt. 725] is **denied as premature.**

## B.

Liberally construed, the defendant's "motion to dismiss case for violation of Speedy Trial Act" (the bottom half of page 2 and page 3 of the September 26, 2014, filing), alleges that his defense counsel was ineffective for failure to protect him from a violation of his constitutional rights to a speedy trial.

"Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover." *Melton v. United States,* 359 F.3d 855, 857 (7th Cir. 2004).

## III.

## A.

Because the first step in the circumstances described above is a procedural one, the **clerk shall docket**, as a new filing on September 26, 2014, the "motion to dismiss case for violation of Speedy Trial Act" (all three pages of dkt. 725) **as a motion to vacate pursuant to 28 U.S.C. § 2255.** The nature of suit code for the new action is 510 and the cause of action is 28 U.S.C. § 2255.

When composing the caption, the defendant shall be the petitioner and the United States of America shall be the respondent. This Entry shall also be docketed in the new civil action.

**B.**

In addition, insofar as docketed in this criminal case, pages 2 and 3 of the September 26, 2014, filing, the "motion to dismiss case for violation of Speedy Trial Act" [dkt. 725] is **denied**. As discussed above, it shall be re-docketed in the new action upon being processed as directed in Part III.A. of this Entry.

**IT IS SO ORDERED.**

Date: 10/9/2014

Distribution:

Jose Manuel Cano
No. 09952-028
D. Ray James Cl
P. O. Box 2000
Folkston, GA 31537

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana